# CILENTI & COOPER, PLLC

### ATTORNEYS AT LAW

10 Grand Central
155 East 44th Street – 6th Floor
New York, New York 10017
_____
Telephone (212) 209-3933
Facsimile (212) 209-7102

## REQUEST FOR APPROVAL
## OF AN FLSA SETTLEMENT

November 3, 2020

**VIA ECF**

The Honorable Lois Bloom, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>      ***Re:*** ***Nestor Alfonso Castaneda v. Brooklyn Gourmet Deli Corp. et. al.***
>      ***EDNY Case No.: 19 Civ. 4810 (LB)***

Dear Judge Bloom,

We are counsel for the plaintiff in the above-referenced action. We write with counsel for defendants to report that the parties have executed a settlement agreement which memorialized the settlement reached with the assistance of the court and court appointed mediator, and now request that the settlement be approved. The court presided over the case during an extended period and referred us to the court-annexed ADR program where we mediated the case to its successful resolution. The parties consented to this court's jurisdiction for all purposes [Docket 23].

As plaintiff's action and claims arise under the Fair Labor Standards Act, 29 USC § 216(b) ("FLSA"), the Parties' settlement must be approved by this Court. *See*, *Cheeks v. Freeport Pancake House, Inc.*, 2015 WL 4664283 (2d Cir. 2015).

The Fair Labor Standards Act expressly prohibits settlement of any right to unpaid minimum wages or unpaid overtime claims by employees, made pursuant to 29 USC §§ 206-07, without the supervision of the Secretary of Labor. 29 USC §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA]"). Courts have allowed an additional exception to FLSA's restriction on settlement to include judicially-supervised stipulated settlements. *See Manning v. New York Univ.*, 2001 WL 963982, *12-13 (SDNY 2001)(*citing D.A. Schulte, Inc., v. Gangi*, 328 US 108, 113 n.8 (1946) and *Lynn's Food Stores, Inc. v. United States ex. Rel. U.S.*

Lois Bloom, Jr., U.S.M.J.
November 3, 2020
Page 2

*Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982).*Simel v. JP Morgan Chase*, 2007 WL 809689 (S.D.N.Y. 2007).  *See also Sampaio v. Boulder Rock Creek Developers, Inc.,* 2007 WL 5209390 (E.D.N.Y. 2007); *Medley v. Am. Cancer Soc.*, 2010 WL 3000028 (S.D.N.Y. 2010) (Jones, Barbara S.)(approving settlement); *Mendez v. Nooch, Inc.,* 2009 WL 666771 (S.D.N.Y. 2009) (Mag. Ellis, Ronald L.) (Individual action).

The Parties executed a written settlement agreement (the "Settlement Agreement"), a copy of which is annexed as Exhibit "1", and jointly ask the Court to approve the settlement and dismiss the case with prejudice, retaining jurisdiction to enforce the terms of the settlement.

This case was brought on behalf of an individual against his former employer, a deli in Brooklyn. The employer is quite small this was filed as an individual action. No similarly situated employees were identified and there are no unrepresented/putative plaintiffs. It is noted that the employer is undoubtedly struggling in an extraordinary environment caused by the coronavirus pandemic. Defendants' principal is also suffering from a terminal ailment, and were he to pass, only the corporate defendant would remain.

### Damages Calculations

Plaintiff was a deli worker at "Brooklyn Gourmet Deli", a small convenience store/deli on Bedford Avenue in the Williamsburg section of Brooklyn. Plaintiff claims he worked twelve-hour shifts, six (6) days per week, for a total of seventy-two (72) hours per week. Mr. Casteneda does not have records of his hours and pay – indeed, there aren't any payroll records and he was paid in cash. Both sides disputed the other with regards to his hours and pay and there were factual questions which could not be resolved absent a trial.

In a "best case scenario", we calculated that plaintiff is owed almost $70,000 in overtime premiums (based on a half-time rate) and an equal amount in liquidated damages. There were other potential damages as well.

As indicated, defendants alleged that plaintiff's period of employment and hours were less than he alleged and as such, his actual damages were significantly less than alleged.

### Settlement

The parties exchanged information and negotiated leading up to and during the court's meeting with a counsel, via telephone, during an extended session in April and following which the court referred the parties to the mediation program for continued mediation.

The Parties represent to the Court that the settlement reached in the amount of fifty-one thousand dollars ($51,000), is a fair and reasonable resolution of a bona fide dispute reached as a result of extensive negotiations between the parties, and through their attorneys, including during the session arranged by the mediator. The amount of the settlement is to be paid in eleven (11) installments, the first of which must be tendered within ten (10) days after approval and dismissal of the action and next ten (10) in monthly installments.

Lois Bloom, Jr., U.S.M.J.
November 3, 2020
Page 3

Of the total settlement, counsel for plaintiff states that plaintiff will receive two-thirds net of costs; and counsel will receive one-third (1/3), net of costs.

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155 at *1 (E.D.N.Y. 2008) (*quoting Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

This settlement was reached as a result of arm's length negotiations between counsel who complied with the court's orders, held face to face meetings and continued with "virtual" meetings with principals and the court and ultimately the mediator.

Counsel in this case are known to the court as versed in the prosecution and defense of wage and hour collective actions. And we had the benefit of Your Honor's experience; indeed, all parties wish to express appreciation to the court for its time and effort in bringing the case closer to resolution and granting needed extensions to give the parties time to explore resolution.

While the settlement does not make plaintiff whole as calculated, there is no question that there may be errors and problems/hurdles with plaintiff's claim. For that reason, courts properly typically regard the adversarial nature of a litigated FLSA case to be an indicator of the fairness of the settlement. *See*, *Aponte v. Comprehensive Health Management, Inc.*, 2013 WL 1364147 at *4 (S.D.N.Y. 2013). Considering the risks to plaintiff and mindful of the amount in dispute, we respectfully submit that this settlement is fair and reasonable under the common application of such analysis.

The COVID-19 crisis makes settlement even more important, as cases are taking longer to progress and employers and employees alike face unprecedented financial stresses.

Other factors favored settlement rather than proceeding to judgment. For example, as with any small defendant, plaintiff and his counsel had legitimate concerns about the collectability of a significant judgment against the defendant. *Cabrera v. Roselea Int's Services*, 2011 WL 7096634 at *4 (M.D. Fla. Dec. 30, 2011) There is always risk that a corporate defendant will not have sufficient collectable assets for this uninsured claim.

**Attorneys' Fees**

Attorneys' fees in FLSA settlements are also examined, to ensure that the interests of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients. *Wolinsky v. Scholastic*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). Here, paper discovery was exchanged and the case settled after mutiple proceedings. Had litigation continued, the award of fees would have been substantially higher. Moreover, counsel, like the plaintiff, risk obtaining a large but uncollectable judgment for an uninsured claim against a relatively small business. As such, counsel respectfully submits that settlement is in the best

Lois Bloom, Jr., U.S.M.J.
November 3, 2020
Page 4

interests of the parties, and moreover, the settlement does not favor plaintiff's counsel over plaintiff himself. The attorneys' fees proposed are consistent with the retainer agreement between plaintiff and the firm. Recognizing the "significant risks" undertaken by attorneys who work on contingency, the New York State Court of Appeals has upheld such agreements of one-third or higher. *See*, *In re Lawrence*, 2014 WL 5430622 (NY  October 28, 2014). *See also*, *Sukhnandan Royal Healthcare of Long Island*, 2014 U.S. Dist. LEXIS 105596, *27 (S.D.N.Y. 2014) (without contingency agreements, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk.); *Sand v. Greenberg*, 2010 U.S. Dist. LEXIS 1120, *9 (S.D.N.Y. 2010)  (the New York Labor Law is a remedial statute, the purpose of which is served by adequately compensating attorneys who protect wage and hour rights.")

Through present, Cilenti & Cooper, PLLC incurred almost 70 hours of attorney time, in addition to out-of-pocket expenses. Counsel used discretion and did not bill for all tasks performed. Plaintiff is indigent and Cilenti & Cooper, PLLC has not received any remuneration for its time, or reimbursement of its expenses.

Plaintiff's attorney Peter H. Cooper, Esq. was admitted to the Southern District of New York in July 1997.  He has litigated cases from inception through disposition in New York State Supreme Court, the Appellate Divisions of the New York Supreme Court, and the Federal District Courts for the Southern and Eastern Districts of New York.  He has also appeared before the New York Court of Appeals. Mr. Cooper began his career as a litigation associate with the firm Martin, Clearwater and Bell. Since 2009, he has been a partner at Cilenti & Cooper, PLLC, which focuses on employment matters. All work performed on this matter was conducted by Peter Cooper and his assistant Marcela Cardoso, whose billable rates are $400.00 per hour and $100.00 per hour, respectively, for this case. Cilenti & Cooper, PLLC respectfully submits its invoice for legal services, annexed as Exhibit "2". Cilenti & Cooper, PLLC's proposed fee represents one-third (1/3) of the total settlement, pursuant to the firm's retainer with the plaintiff and representing less than actual fees were the firm to have billed this matter on an hourly basis.

We respectfully request that this Court approve the Settlement Agreement of the Parties, and dismiss the instant action between the parties with prejudice. A proposed order of dismissal is attached hereto as Exhibit "3".

For all of the foregoing reasons we jointly, and respectfully, ask the court to approve the settlement and dismiss the case, retaining jurisdiction during the payment period period, for the unlikely event of a dispute arising in connection with the settlement; or in the alternative, approve the settlement but not dismiss the case until the payments have been completed.

On behalf of all parties, we thank the court for its consideration of this matter.

|                                   |                                   |
|-----------------------------------|-----------------------------------|
| Respectfully submitted,           | Respectfully submitted,           |
| /s/ Peter H. Cooper               | /s/ Lamis J. Deek, Esq.           |
| Peter H. Cooper, Esq.             | Lamis Deek, Esq.                  |
| Attorney for Plaintiff            | Attorney for Defendants           |